IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv206

| | |
|---|---|
| In re:<br><br>**INTERNATIONAL HOME FASHIONS, INC.,**<br><br>    Debtor.<br>_____<br><br>**ARENT FOX, LLP,**<br><br>    Appellant,<br><br>vs.<br><br>**ROBERTS & STEVENS, P.A., CHAPTER 7 TRUSTEE OF INTERNATIONAL HOME FASHIONS, INC.,**<br><br>    Appellee.<br>_____ | Bankruptcy Case<br>No. 08-10434<br><br><br><br><br><br><br><br><br><u>**MEMORANDUM OF DECISION AND ORDER**</u> |

**THIS MATTER** is before the Court on the Notice of Appeal [Doc. 1] filed by the Appellant Arent Fox, LLP from the Order of the Bankruptcy Court granting in part and denying in part Arent Fox's Second and Final Application for Allowance of Compensation and Reimbursement of Expenses for its work as counsel for the Official Committee of Unsecured

Creditors in this case. For the reasons stated herein, the Order of the Bankruptcy Court is affirmed.

I. **PROCEDURAL HISTORY**

This case originated as a Chapter 11 proceeding filed by the Debtor International Home Fashions, Inc. ("Debtor"). [B.R. Doc. 1].[1] Following the appointment of the Official Committee of Unsecured Creditors (the "Committee"), the Bankruptcy Court approved the Appellant Arent Fox, LLP ("Arent Fox") as counsel for the Committee. [B.R. Doc. 40].

On November 25, 2008, Arent Fox prepared and filed a motion on behalf of the Committee, seeking a turnover from the Bank of Asheville of all funds paid post-petition from the Debtor's bank account on a $450,000 personal loan obtained by J. Tedd Smith, president of the Debtor, and his wife (the "Smith loan"). [B.R. Doc. 73]. On February 3, 2009, Arent Fox moved for an order directing the Bank of Asheville and the Debtor to submit an accounting of all amounts paid on the Smith Loan (the "Rule 2004 Motion"). [B.R. Doc. 84]. The Bankruptcy Court granted the Rule 2004

---

[1] Documents filed in the underlying Bankruptcy proceeding will be hereinafter identified as [B.R. Doc. __]. Any documents identified as [Doc. __] refer to the filings in this appeal before the District Court.

Motion on February 5, 2009, and Arent Fox began making arrangements for the Rule 2004 examination. Before the examination could be completed, however, on February 13, 2009, the Debtor filed a notice to convert this case to a Chapter 7 proceeding. [B.R. Doc. 86]. Arent Fox immediately filed an objection to the proposed conversion on behalf of the Committee. [B.R. Doc. 89]. At a hearing on February 18, 2009, the Bankruptcy Court overruled Arent Fox's objection and allowed the Debtor's conversion. Thereafter, Robert & Stevens P.A. was appointed as the Chapter 7 Trustee.

On April 9, 2009, Arent Fox filed and served its Final Fee Application, seeking compensation in the amount of $35,916.50 in fees and $644.59 in expenses for the period from January 1, 2009 through February 28, 2009.[2] [B.R. Doc. 116]. On April 30, 2009, the Chapter 7 Trustee filed its Objection to the Final Fee Application. This Objection simply states that the Trustee "objects to the Second and Final Application of Arent Fox, LLP and requests that a hearing be conducted . . . ." [B.R. Doc. 120].

---

[2]Arent Fox had filed its first interim fee application on January 12, 2009 for the period from July 2, 2008 through December 31, 2008. This first fee application, for $55,708.00 in fees and $11.82 in expenses, was approved in its entirety by the Bankruptcy Court on February 23, 2009. [B.R. Doc. 97].

The Bankruptcy Court held a hearing regarding the Final Fee Application on May 20, 2009. At that time, the Chapter 7 Trustee argued that the amount of fees sought by Arent Fox was excessive and appeared to be for duplicative work. [Transcript of May 20, 2009 Hearing, B.R. Doc. 136 at 3]. The Chapter 7 Trustee proposed reducing the requested fee award by $15,000. [Id. at 4]. The Bankruptcy Court agreed with the Trustee and reduced the fee allowance to $21,561.09 (including the $644.59 in expenses). [B.R. Doc. 129 at 3].

Arent Fox now appeals, arguing that the Bankruptcy Court erred in reducing its fee award without providing any factual findings and without considering the necessary Johnson[3] factors; that to the extent that the Bankruptcy Court did make any factual findings, such findings are clearly erroneous and unsupported by the evidence; and that the Bankruptcy Court erred in considering the Chapter 7 Trustee's insufficient objection.

## II. STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. Harman v. Levin, 772 F.2d 1150, 1152-53 (4th Cir.

---

[3] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

1985). "Under that standard, findings of fact will be affirmed unless . . . review of the entire record leaves [the court] with the definite and firm conviction that a mistake has been committed." Id. at 1153. A bankruptcy court's determination of a reasonable fee award based on its factual findings is reviewed for an abuse of discretion. See id.

## III. DISCUSSION

As counsel for the Committee, Arent Fox was entitled to "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A). In determining the amount of "reasonable compensation" to be awarded, the Bankruptcy Court was required to consider "the nature, extent, and the value of [the] services" rendered, including the amount of time spent on such services, the rates charged, and whether such services "were necessary to the administration of, or beneficial . . . toward the completion of" the bankruptcy case. 11 U.S.C. § 330(a)(3). Compensation is not allowed for services that were unnecessarily duplicative, not reasonably likely to benefit the debtor's estate, or unnecessary to the administration of the estate. 11 U.S.C. § 330(a)(4)(A).

In addition to these considerations, the Fourth Circuit has instructed bankruptcy courts to evaluate fee applications in light of the following twelve factors (the "Johnson factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Harman v. Levin, 772 F.2d 1150, 1151 n.1 (4th Cir. 1985) (citing Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) and Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The Fourth Circuit has noted that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." In re Abrams & Abrams, P.A., 605 F.3d 238, 247 (4th Cir. 2010 (citation omitted).

In the present case, the Bankruptcy Court considered several appropriate factors in evaluating Arent Fox's fee request. Specifically, the

Court focused on the overall reasonableness of the hours claimed. In so doing, the Court determined that the case was "generally overworked by multiple inter-office conferences, and excess review and analysis." [B.R. Doc. 129 at 1-2]. This finding is not clearly erroneous. The fee petition is replete with time entries for conferences and strategy discussions among the four attorneys assigned to represent the Committee in this matter. These inter-office conferences and discussions resulted in a excessive number of hours being billed for relatively simple tasks. For example, the production of the Rule 2004 examination notice generated over $2,000 in fees. [See B.R. Doc. 116 at 17]. As the Bankruptcy Court noted, a line-by-line reduction for all of the excessive conferencing and analysis performed by these attorneys would likely result in a reduction of fees in excess of the amount suggested by the Chapter 7 Trustee. As such, the Court cannot say that the Bankruptcy Court abused its discretion in reducing Arent Fox's award by $15,000.

In assessing the reasonableness of the fee award, the Bankruptcy Court also considered the results obtained by Arent Fox in the prior Chapter 11 case and concluded that the results "simply do not justify the amount sought as compensation." [B.R. Doc. 129 at 2]. Again, this finding

7

is not clearly erroneous.  The fee application seeks $35,916.50 in fees and $644.59 in expenses for Arent Fox's representation of the Committee during the period of January 1, 2009 through February 28, 2009.  The billing records indicate that the bulk of these fees were generated in pursuing the turnover of funds from the Bank of Asheville (which was rendered moot by the conversion to Chapter 7), for noticing the Rule 2004 examination (which did not occur due to the Chapter 7 conversion), and in opposing the Debtor's notice of conversion (which objection was overruled).  The Bankruptcy Court did not err in concluding that the results obtained by these activities do not justify the excessive amount of fees claimed for this time period.

Arent Fox argues that in failing to consider explicitly the Johnson factors, the Bankruptcy Court abused its discretion in reducing the fee award.  This argument must be rejected.  As discussed above, the Bankruptcy Court considered the most significant Johnson factor -- the results obtained -- and the one factor that was contested by the parties – whether the time expended was reasonable in light of the objectives sought on behalf of the committee – in determining that the requested compensation was unreasonable.  The other Johnson factors do not

appear to have been contested, and thus the Court was not required to make precise factual findings regarding these factors.  See In re Ralph Marcantoni & Sons, Inc., 62 B.R. 245, 247 (D. Md. 1986) ("where knowledgeable parties file objections and narrow the issues, there is no need for the Court to make explicit factual findings on each of the twelve factors").

Finally, Arent Fox contends that the Bankruptcy Court erred in considering the Chapter 7 Trustee's Objection to the fee application because the Objection lacked the requisite specificity to put Arent Fox on notice of the precise time entries to which the Trustee objected and thus deprived Arent Fox of due process.  This argument is without merit.  In the context of a judicial proceeding, due process requires notice and the opportunity to be heard "at a meaningful time and in a meaningful manner." Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Daniels v. Williams, 720 F.2d 792, 798 (4th Cir. 1983).  Due process "is a flexible concept and each situation must be evaluated within its context."  In re Ralph Marcantoni & Sons, 62 B.R. at 248.  In the present case, the Bankruptcy Court afforded Arent Fox notice and an ample opportunity to be heard in defense of its fee application at the May 20, 2009 hearing.  Thus,

Arent Fox was not deprived of due process by the Bankruptcy Court's consideration of the Trustee's non-specific written Objection.

In summary, the Court concludes that the Bankruptcy Court made adequate findings of fact to support its reduction of the requested fee award, and that these findings were not clearly erroneous. Accordingly, the Court concludes that the Bankruptcy Court did not abuse its discretion in reducing the award of fees by $15,000 to $21,561.09.

**O R D E R**

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Order of the United States Bankruptcy Court granting in part and denying in part the Second and Final Application of Arent Fox LLP for Compensation and Reimbursement of Expenses is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: September 28, 2010

Martin Reidinger
United States District Judge